UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD D. KEEFE,

        Plaintiff,

v.

MAYOR KEVIN M. SETTEMBRINO,
MIDDLETOWN TOWNSHIP,
MIDDLETOWN POLICE OFFICERS (3),

        Defendants.

Civ. No. 19-121

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Application filed by Plaintiff Ronald D. Keefe ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees pursuant to 28 U.S.C. § 1915. (Appl. at 1, ECF No. 1-2.) For the reasons stated herein, Plaintiff's Application is granted, but Defendant Middletown Township ("Defendant Township") and Defendant Mayor Kevin M. Settembrino ("Defendant Settembrino") are dismissed. Plaintiff is granted leave to amend the Complaint to cure the deficiencies identified herein.

## BACKGROUND

This action arises from the allegedly unlawful entry of three Middletown police officers ("Defendant Officers") into Plaintiff's home. At approximately 6:00 PM on October 2, 2017, Plaintiff heard "loud banging" on the door of his home. (Compl. at 3, ECF No. 1.) After about a minute, Defendant Officers entered Plaintiff's home and "gang rush[ed]" him. (*Id.*) Plaintiff

1

asked Defendant Officers if they had a warrant, and one of them responded, "We have probable cause. Someone called us." (*Id.*) Defendant Officers proceeded to "check[] everything" in the home and "detained [Plaintiff] against [his] will"—though it is unclear how long this detention lasted. (*Id.*) Plaintiff offers no other details about that night.

On January 4, 2019, Plaintiff filed the instant *pro se* action against Defendant Officers, Defendant Township, and Defendant Settembrino (collectively, "Defendants"). (*Id.* at 2.) Plaintiff pleads that the basis of this action is "illegal entry and seizure," which this Court construes as pleading a § 1983 claim derived from alleged violations of the Fourth Amendment of the right to be free from unreasonable search and seizure. Plaintiff also filed an Application to proceed *in forma pauperis* with the Complaint. (Appl. at 1.) Plaintiff's Application is currently before the Court.

## **LEGAL STANDARD**

### I. **Application to Proceed *in Forma Pauperis***

In considering an application to proceed *in forma pauperis*, courts generally conduct a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the plaintiff must file an application to do so that includes an affidavit of indigence stating the individual's total income, all assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 U.S. Dist. LEXIS 6898, at *20–22 (D.N.J. Jan. 30, 2007). Second, the court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1. "The legal standard for dismissing a

2

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## II. Failure to State a Claim

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane*, 506 F. App'x at 122 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## **DISCUSSION**

The Court follows the two-step analysis found in *Roman*, 904 F.2d 192, 194 n.1. Under the first step, Plaintiff's Application to proceed *in forma pauperis* is sufficient. Plaintiff provides details regarding his income, assets, and expenses. (*See* Appl. at 2–5.) Plaintiff also states that he lives paycheck to paycheck. (*Id.* at 5.) This presentation is sufficient to proceed *in forma*

3

*pauperis*, and thus the Court grants the Application. However, upon review of the Complaint, the Court recognizes some deficiencies that warrant dismissal of two Defendants. The Court discusses each of the three Defendants in turn.

**I.      Defendant Officers**

As a preliminary matter, the Complaint is not clear about whom exactly Plaintiff seeks relief from in this action. On the first page of the Complaint, Plaintiff writes that he seeks relief from, other than Defendant Settembrino, "Middletown Police (3) who took me against my will." (Compl. at 1.) On the second page, Plaintiff lists "Officers Names Will Follow" as Defendants.

Of course, "[i]n New Jersey, a municipal police department is not an entity separate from the municipality," *Trapp v. New Jersey*, 2018 U.S. Dist. LEXIS 159581, at *15–16 (D.N.J. Sept. 19, 2018) (citing N.J.S.A. § 40A:14-118 (stating that municipal police department is "an executive and enforcement function of municipal government")), so Middletown Police Department would not be a proper defendant here in conjunction with Defendant Township, *see Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *Catlett v. N.J. State Police*, 2013 U.S. Dist. LEXIS 71237, at *9 (D.N.J. May 20, 2013) ("[C]ourts in the Third Circuit frequently dismiss claims against police departments or grant summary judgment in their favor when those departments are sued in conjunction with the municipalities."). However, mindful of the Court's "obligation to liberally construe a *pro se* litigant's pleadings," *Higgs v. AG of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the Court

4

construes the Complaint as seeking relief from the three unknown police officers described therein.

The Court also construes the Complaint as asserting two claims—against all Defendants—under § 1983 for the violations of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. 42 U.S.C. § 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Padilla*, 110 F. App'x at 278. The Complaint alleges that Defendant Officers entered his home without a warrant, and no exigent circumstances appear to be applicable; probable cause alone is not a sufficient justification to enter. *See Hartman v. Gloucester Twp.*, 2014 U.S. Dist. LEXIS 83434, at *23 (D.N.J. June 19, 2014) (reciting that "a warrantless entry into a person's house is unreasonable per se" and that "consent or probable cause accompanied with exigent circumstances" are the only exceptions (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011); *United States v. Coles*, 437 F.3d 361, 365–66 (3d Cir. 2006))). Plaintiff does not specifically identify Defendant Officers' names, but he "is not required to provide . . . a proffer of all available evidence because in civil rights cases much of the evidence can be developed only through discovery of materials held by defendant officials." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988) (internal citations omitted). Accordingly, Plaintiff's recitation of the facts—though weak insofar as he may want to consider bolstering his claim if he chooses to amend the Complaint, *see infra*—sufficiently states a claim against Defendant Officers for allegedly violating Plaintiff's Fourth Amendment right to be free from unreasonable search.

In contrast to unreasonable *search*, however, Plaintiff fails to state a claim for unreasonable *seizure*. Defendant Officers allegedly entered the home without a warrant, but Defendant Officers stated that they had probable cause and Plaintiff did not indicate whether he was detained beyond Defendant Officers' search of the home; if Plaintiff was held only for the duration of the search, Defendant Officers would not have infringed upon the Fourth Amendment in that regard. *See United States v. Wood*, 542 F. App'x 208, 212–13 (3d Cir. 2013) (concluding that detaining occupant of home during search is reasonable). Without more, Plaintiff's allegation that he was unlawfully detained is "conclusory and not entitled to be assumed true." *See Iqbal*, 556 U.S. at 681. Therefore, Plaintiff fails to state a claim against Officer Defendants for allegedly violating Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

That being said, the Third Circuit has instructed that where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Because this action is only in the prenatal stage of litigation—Defendants have yet to answer the Complaint—the Court does not find that it would be inequitable or futile to grant Plaintiff leave to amend the Complaint and, as a result, will do so.

**II.     Defendant Township**

The Court also construes the Complaint as asserting these same § 1983 claims against Defendant Township. However, liability under § 1983 may be imposed on municipalities only under two circumstances: where the "acts of the government employees are deemed to be the result of a policy or custom of the municipality for whom the employee works," *Ali v. Rando*, 2011 U.S. Dist. LEXIS 109618, at *26 (D.N.J. Sept. 26, 2011) (citing *Monell v. N.Y.C. Dep't of*

*Soc. Servs.*, 436 U.S. 658, 691 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003)); or alternatively, where "an employee acts unconstitutionally and the municipality failed to adequately train or supervise that employee," *Padilla*, 110 F. App'x at 278–79. Indeed, "[i]t is well-established that there is no general municipal *respondeat superior* liability under 42 U.S.C. § 1983." *Ali*, 2011 U.S. Dist. LEXIS 109618, at *26 (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784 (1997); *Monell*, 436 U.S. at 691).

Even construing the Complaint liberally, Plaintiff does not contend that the allegedly unreasonable search and seizure that he suffered was the result of a custom or policy effected by Defendant Township. Indeed, Plaintiff fails to plead, or even suggest, any policy or custom effected by Defendant Township. Plaintiff offers only a descriptive account of Defendant Officers entering his home on the evening of October 2, 2017. Additionally, from the account provided, the Court is unable to impute to Defendant Township any failure to train or supervise Defendant Officers. The Court therefore dismisses Defendant Township but grants Plaintiff leave to amend the Complaint.

**III.     Defendant Settembrino**

Defendant Settembrino, being the mayor, is dismissed for the same reasons as Defendant Township. *See supra* Section II. As a matter of law, Plaintiff may not impute to Defendant Settembrino the conduct of Defendant Officers without offering some type of policy or custom implemented by Defendant Settembrino or some type of direction given to Defendant Officers by Defendant Settembrino. *See A.M. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (explaining the two theories of supervisory liability: individual defendants who are policymakers and supervisors who direct others to violate rights). Moreover, the Complaint in

7

its entirety fails to even mention Defendant Settembrino.  Although Defendant Settembrino is dismissed, the Court allows Plaintiff to amend the Complaint and cure these deficiencies.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Application to proceed *in forma pauperis* is granted, but Plaintiff's § 1983 claim for the violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure (but not search) is dismissed as to Defendant Officers.  Additionally, both Counts are dismissed as to Defendants Township and Settembrino, and these Defendants are dismissed from the action.  Plaintiff is granted leave to amend the Complaint to cure the deficiencies identified herein.  An appropriate Order will follow.

Date: 02/25/2019                                                       */s/ Anne E. Thompson*
                                                                                  ANNE E. THOMPSON, U.S.D.J.