NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RONALD D. KEEFE,

               Plaintiff,

v.

MAYOR KEVIN M. SETTEMBRINO,
MIDDLETOWN TOWNSHIP,
MIDDLETOWN POLICE OFFICERS (3),

               Defendants.

Civ. No. 19-121

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Motion to Dismiss brought by Defendant Middletown Police Officers (3) ("Defendant Officers"). (ECF No. 6.) Plaintiff Ronald Keefe ("Plaintiff") has not filed an opposition. The Court has decided the Motion after considering the written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Officers' Motion to Dismiss is granted.

## BACKGROUND

This action arises from the allegedly unlawful entry of Defendant Officers into Plaintiff's home. At approximately 6:00 PM on October 2, 2017, Plaintiff heard "loud banging" on the door of his home. (Compl. at 3, ECF No. 1.) After about a minute, Defendant Officers entered Plaintiff's home and "gang rush[ed]" him. (*Id.*) Plaintiff asked Defendant Officers if they had a warrant, and one of them responded, "We have probable cause. Someone called us." (*Id.*)

Defendant Officers proceeded to "check[] everything" in the home and "detained [Plaintiff] against [his] will"—though it is unclear how long this detention lasted. (*Id.*)

On January 4, 2019, Plaintiff filed the instant *pro se* action against Mayor Kevin Settembrino, Middletown Township, and Defendant Officers. (*Id.* at 2.) Plaintiff pleads that the basis of this action is "illegal entry and seizure," which the Court construes as pleading a § 1983 claim derived from alleged violations of the Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff filed an Application to proceed *in forma pauperis* with the Complaint and, upon review of the Application, the Court dismissed all counts as to Mr. Settembrino and Middletown Township on February 25, 2019. (Order at 1, ECF No. 4.)

As to Defendant Officers, the Court found that Plaintiff failed to state a claim for unreasonable seizure but that he sufficiently stated a claim for unreasonable search. (*Id.*; Op. at 5–6, ECF No. 3.) The Court *sua sponte* ordered that Plaintiff may amend the Complaint to cure its deficiencies by March 22, 2019 (Order at 1), but Plaintiff has failed to do so. As a result, on April 5, 2019, Defendant Officers filed the instant Motion to Dismiss, seeking dismissal of the sole claim remaining against the sole Defendant. (*See* Mot. at 1, ECF No. 6-2.) Plaintiff has not responded to the Motion, which is currently before the Court.

## **LEGAL STANDARD**

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court

must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint which does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I. The Court Must Reexamine the Complaint, Given the Recently Unearthed Portions of the Complaint

As stated in its prior Opinion, the Court construes the Complaint as asserting a claim against Defendant Officers under § 1983 for the violations of Plaintiff's Fourth Amendment right to be free from unreasonable search. 42 U.S.C. § 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (internal citation omitted). The Court further explained in its prior Opinion:

> The Complaint alleges that Defendant Officers entered his home without a warrant, and no exigent circumstances appear to be applicable; probable cause alone is not a sufficient justification to enter. *See Hartman v. Gloucester Twp.*, 2014 U.S. Dist. LEXIS 83434, at *23 (D.N.J. June 19, 2014) (reciting that "a warrantless entry into a person's house is unreasonable per se" and that "consent or probable cause accompanied with exigent circumstances" are the only exceptions (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *United*

> *States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011); *United States v. Coles*, 437
> F.3d 361, 365–66 (3d Cir. 2006))).

(Op. at 5.)

Because the Court has already held that the Complaint sufficiently states a claim against Defendant Officers and because Plaintiff seemingly has elected not to amend or detract from the Complaint since that holding, the instant Motion to Dismiss typically would be construed as a motion for reconsideration. However, Defendant Officers point out that "an incomplete version of Plaintiff's [C]omplaint was uploaded to ECF, which prevented the Court from considering all of Plaintiff's allegations" in its previous Opinion. (Mot. at 7.) Defendant Officers explain that the version of the Complaint with which Plaintiff served Defendant Officers contained an Exhibit-Letter dated November 6, 2017. (*Id.* at 2 n.3; *see also* November 2017 Letter, ECF No. 6-6.) The Court had not seen this Letter before and "the Clerk's Office . . . was unable to locate this document." (Mot. at 2 n.3.) Accordingly, in light of the November 2017 Letter and the allegations contained therein, the Court must reexamine the sufficiency of the Complaint.

## II.     The Complaint Fails to State a Claim

Defendant Officers first argue that the Complaint "does not contain the required 'short and plain statement' showing basis for relief" and that "Plaintiff fails to differentiate his allegations among the various defendants." (*See* Mot. at 3–6.) However, in light of the generous pleading standard imposed on a *pro se* complaint, Plaintiff alleges "a short and plain statement" in compliance with Rule 8. Plaintiff clearly complains about Defendant Officers' allegedly warrantless entry into his home. The Court noted in its prior Opinion,

> Plaintiff does not specifically identify Defendant Officers' names, but he "is not
> required to provide . . . a proffer of all available evidence because in civil rights
> cases much of the evidence can be developed only through discovery of materials

4

held by defendant officials." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988) (internal citations omitted).

(Op. at 5.) The Court agrees with Defendant Officers insofar as they contend that the Complaint contains some "unintelligible sentences" and includes irrelevant exhibits. (*See* Mot. at 5.) However, "[a] plaintiff's complaint 'must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 521 (3d Cir. 2007) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Defendant Officers have sufficient notice about the claims asserted against them. Plaintiff does not identify any particular Defendant by name, but the Complaint undoubtedly focuses on the specific Defendant Officers that entered his home that day; the Court has no doubt that these particular Defendant Officers recollect this encounter, given that Plaintiff's colorful reprisal of the events that day suggests the incident was quite memorable. The allegations submitted by a *pro se* plaintiff, "however inartfully pleaded[,] are held to [even] less stringent standards than formal pleadings." *Id.* (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Therefore, the Complaint states "a short and plains statement of the claim" in compliance with Rule 8 of the Federal Rules of Civil Procedure.

Nevertheless, Defendant Officers' second argument—that the Complaint fails to state a claim upon which relief may be granted (*see* Mot. at 6–9)—warrants dismissal. The Complaint alleges that Defendant Officers entered Plaintiff's home without a warrant, contacted a "screener," and then "kidnapped" him "against his will." (Compl. at 3.) However, one may glean a few additional facts from the November 2017 Letter that were not previously evident from the Complaint: (1) after Defendant Officers arrived at Plaintiff's home, they waited for a mental health screener to assess Plaintiff; (2) a mental health screener indeed arrived and

evaluated Plaintiff; (3) after the evaluation, Plaintiff was taken to Riverview Hospital, where healthcare workers committed him; (4) Plaintiff admitted, "I'm incompetent. I can't understand," shortly after this incident; and (5) Defendant Officers neither placed Plaintiff under arrest nor charged him with a crime. (*See* November 2017 Letter at 1–5.) The Complaint survived the Court's previous examination, in part, because "Defendant Officers entered his home without a warrant, and no exigent circumstances appear to be applicable" (Op. at 5), but these new facts—combined with the previously examined fact that Defendant Officers told Plaintiff that they had probable cause to enter the home because they had received a tip (Compl. at 3)—suggest that exigent circumstances actually did exist.

Law enforcement officers may lawfully enter a home if they reasonably perceive "danger to the lives of officers or others." *United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006) ("In these limited situations, the need for effective law enforcement trumps the right of privacy and the requirement of a search warrant, thereby excusing an otherwise unconstitutional intrusion."). "When there is probable cause to believe that a person is a danger to himself or others, an officer may reasonably seize and detain a person for a psychiatric evaluation without offending the Fourth Amendment." *Catlett v. N.J. State Police*, 2015 U.S. Dist. LEXIS 169142, at *9 (D.N.J. Dec. 18, 2015); *see also Must v. West Hills Police Dep't*, 126 F. App'x 539, 542–43 (3d Cir. 2005) ("[T]he temporary involuntary commitment of those deemed dangerous to themselves or others qualifies as a 'special need' permitting the state to act without a warrant."); *Cole v. Town of Morristown*, 627 F. App'x 102, 106 (3d Cir. 2015) ("[I]t is not unreasonable to temporarily detain an individual who is dangerous to herself or others."); *Hartman*, 2014 U.S. Dist. LEXIS

83434, at *24 ("Where it is believed that someone is in need, police officers can also make warrantless entry into a home." (citing *Mincey v. Arizona*, 437 U.S. 385, 392–93 (1978))).[1]

Plaintiff did not plead any facts suggesting that Defendant Officers did not have probable cause to enter the home. On the contrary, he pleaded facts suggesting that Defendant Officers entered the home in order to facilitate a mental evaluation: Plaintiff, through the Complaint and the November 2017 Letter, submits that Defendant Officers entered the home and specifically told Plaintiff that they had probable cause because a tipster had called them; a mental health screener arrived at the home and assessed Plaintiff's mental capacity; and, ultimately, the mental health screener involuntarily committed Plaintiff to a hospital. (*See* Compl. at 3; November 2017 Letter at 1–5.) Plaintiff does not plead what the tipster said to Defendant Officers, but Plaintiff discloses, inexplicably and without any context, "I'm incompetent. I can't understand," in the November 2017 Letter, suggesting that Plaintiff was appropriately committed for further mental health assessment. Lastly, the general and noticeable incomprehensiveness of the November 2017 Letter—written about a month after the incident—is also indicative of Plaintiff's state of mind at the time.

All of those facts, taken together, suggest that Defendant Officers lawfully entered Plaintiff's home by means of exigent circumstances. Despite the liberal construction required of *pro se* complaints, the facts alleged in the Complaint and the November 2017 Letter are consistent with an exception to the Fourth Amendment and thus fail to state a Fourth

---

[1] Under New Jersey law, law enforcement officers have the reasonable discretion to take custody of an individual if "the person is in need of involuntary commitment to treatment." N.J.S.A. § 30:4-27.6(a)–(b). The law enforcement officer must immediately find for the individual "screening service for a complete assessment." *Id.* A mental health screener may involuntarily commit the individual to inpatient care if "treatment seems necessary." N.J.S.A. § 30:4-27.5(b).

Amendment violation. Plaintiff has failed to carry his burden of pleading facts sufficient to suggest liability on the part of Defendant Officers. Accordingly, Defendant Officers' Motion to Dismiss is granted.

## **CONCLUSION**

For the foregoing reasons, Defendant Officers' Motion to Dismiss is granted. An appropriate Order will follow.


Date:  5/7/19                              */s/ Anne E. Thompson*
                                          ANNE E. THOMPSON, U.S.D.J.